UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:10-CR-120 JD |
| | ) | 3:10-CR-126 (02) JD |
| JEREMIE SHENEMAN | ) | |

## OPINION AND ORDER

After being convicted of and sentenced on seven counts of wire fraud in the above-captioned cases ('120 and '126), Defendant Jeremie Sheneman's convictions were affirmed on appeal without oral argument. *United States v. Sheneman*, 538 F. App'x 722 (7th Cir. 2013). Mr. Sheneman thereafter filed a petition for a writ of certiorari, which the Supreme Court denied on June 16, 2014. *Sheneman v. United States*, 2014 WL 1921774 (U.S. June 16, 2014). As detailed in this Court's March 28, 2014 order, Mr. Sheneman previously filed a number of motions with this Court asking that his convictions be vacated, which would have to be construed as seeking relief under 28 U.S.C. § 2255. ['120 DE 207; '126 251]. However, the Court dismissed those filings with leave to refile because Mr. Sheneman's direct appeal was still pending and he also requested that they not be considered § 2255 motions. ['120 DE 207; '126 251].

Now that his direct appeal has concluded, Mr. Sheneman has filed a motion entitled "Motion to Vacate Cases Due to Lack of Subject Matter and Federal Jurisdiction." ['120 DE 208; '126 DE 268]. Mr. Sheneman raises a variety of arguments in favor of vacating his convictions for lack of jurisdiction, relief which would only be available to him through 28 U.S.C. § 2255. However, he concludes his motion by stating: "As requested by the Court all other issues will be combined in a 2255 but not jurisdiction as that may be raised anytime according to the law."

Whether Mr. Sheneman's arguments are jurisdictional or not, the only procedural mechanism through which the Court could vacate his sentence is a motion under § 2255. 28 U.S.C. § 2255 (permitting a court to vacate a conviction where "the judgment was rendered without jurisdiction"). Thus, in order to consider his request on its merits, the Court would have to construe it under that section. However, as previously noted, once Mr. Sheneman files one motion under § 2255 (or the Court construes one of his motions under § 2255), he must obtain permission from the court of appeals prior to filing a second or successive motion. Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court; *Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002) ("[A] motion that is functionally a section 2255 motion *is* a section 2255 motion for purposes of AEDPA."). This would likely preclude Mr. Sheneman from raising any further grounds for contesting his conviction or sentence, "[f]or with limited exceptions the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on criminal judgments, gives a prisoner only one shot at postconviction review." *Carter*, 312 F.3d at 833. It is unlikely that Mr. Sheneman intends this result, as he indicated in his motion that he still intends to file a separate 2255 motion.

"[A]lthough a postconviction motion that is functionally a section 2255 motion should be treated as such however it is labeled, before doing so the district judge must notify the movant of what he intends to do, to give the movant a chance to withdraw the motion." *Id.* at 832–33. Accordingly, the Court hereby **NOTIFIES** Mr. Sheneman that it can only consider his motion by construing it under § 2255, which may preclude his ability to request any further relief from his conviction or sentence under that section. If, as it appears from his motion, Mr. Sheneman intends to raise any other claims under § 2255, he may withdraw his present motion and raise all of his claims, including these, in a single § 2255 motion filed no later than June 16, 2015. Mr.

Sheneman is **DIRECTED** to notify the Court by **July 28, 2014** as to whether he wishes to withdraw his Motion to Vacate Cases Due to Lack of Subject Matter and Federal Jurisdiction. Otherwise, since that motion seeks to vacate his convictions, the Court will construe it under § 2255 and proceed accordingly.

    SO ORDERED.

    ENTERED:  June 30, 2014

                                             /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court